CARR, J.
It was insisted for the appellant, that this was a simple demand for work and labour done, the proper subject of an action of assumpsit, and therefore no case for relief in equity. To which it was answered, that the objection comes too late, and that this is a bill for a discovery, and a case of mutual accounts. The posi *236 tion, that the objection comes too late, was rested on the 86th section of the statute ^concerning' the courts of chancery. The very point was considered by this court, and ably and learnedly discussed in Pollard v. Patterson. The unanimous opinion of the court was, that the statute meant to embrace cases, where the bill shewed a case proper for equity, and the exception had to be taken by way of plea; but that the omission to plead gives equity no power to decree in favour of a plaintiff, upon a case appearing upon the face of the bill, to be merely a legal question. This opinion is supported by sound reason, and unquestioned authority ; and the point has ever since been considered as settled. We must, therefore, inquire, whether this bill, on its face, states a case exclusively proper for law? whether, in other words, a demurrer to it would have been sustained? I do not think such demurrer could have been sustained. The bill, states mutual accounts between the parties, running through a series of years, and consisting of numerous items of blacksmith’s work, on the one hand; and on the other, of' various articles of country produce delivered, such as wood, coal, hay, wheat, potatoes; of money paid at different times; of work done with wagons &c. When I speak of the bill, I consider the account filed with it, as a part’of it. The bill also seeks a discovery: but without considering this last point, the first is sufficient, I think, to support the jurisdiction. It is laid down, in all the books of practice, that account is a settled head of equity jurisdiction. This point was before this court in the case of Smith v. Marks, 2 Rand. 449, where the authorities were examined, and this conclusion drawn, that the word account is to be understood' as applying to every case, where there is a demand on one side, and a set-off on the other; that a single matter could not be the subject of a bill in equity, but there must be mutual demands. In the case of the Corporation of Carlisle v. Wilson, 13 Ves. 278, the chancellor states the grounds of this jurisdiction: “the principle (he^says) upon which courts of equity originally entertained suits for an account, where the party had a legal title, is, that though he might support a suit at law, a court of law either *cannot give a remedy, or cannot give so complete a remedy, as a court of equity; and by degrees courts of equity assumed-a concurrent jurisdiction in cases of account; for it cannot be maintained, that this court interferes only when no remedy can be had at law.” He concludes, that equity exercises a sound discretion, in decreeing or refusing an account. I do not think, therefore, that a demurrer-to this bill could have been sustained.
It was also insisted in the argument, that the statute of limitations, though not pleaded, ought to have been applied to the appellee’s account. There is no rule better established, than that one cannot avail himself of the statute of limitations, in a suit in equity, without pleading it. This was admitted as the general rule; but the appellant’s counsel argued, that this case was taken out of it, because neither the bill, nor the account exhibited with it, shewed any items of more than five years standing. If this were the fact, I do not think it would have entitled the defendant to avail himself of the statute without pleading it, however he might have taken advantage of the defect in another way: but it appears on examination, that the counsel is mistaken as to the fact: the account exhibited with the bill, the account which Hickman in his answer said he had seen, commences as early as 1814.
The chancellor has reduced Stout’s demand more than I should have done upon the evidence: but of this the appellant cannot complain, and the appellee does not.
The other judges concurring, the decree was affirmed.